FILED
2017 Aug-30  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT
## A

ELECTRONICALLY FILED
7/27/2017 11:19 AM
20-CV-2017-900221.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

MARY SANDERS,

     PLAINTIFF,

v.

WALGREENS SPECIALTY PHARMACY,
LLC DBA WALGREENS FAMILY OF
COMPANIES and A, B and C, that person,
firm, corporation, Business, entity or entities,
being the owner of the premises where
Plaintiff was injured on the occasion made
the basis of this lawsuit; D, E and F, that
person, firm, corporation, or other entity or
successor in interest who or which jointly,
separately, and/or severally negligently,
wantonly, and/or wrongfully caused or
contributed to cause Plaintiff's injuries on
the occasion made the basis of this lawsuit;
G, H, and I, are Defendants whose exact identity is
otherwise unknown to the Plaintiff at this
time, but will be substituted by proper
party name when their identity as a proper
party Defendants is ascertained,

     DEFENDANTS.

CIVIL ACTION NO:
CV 2017 -

### COMPLAINT

COMES NOW the Plaintiff in the above styled cause, by and through her attorney, and would respectfully show unto this Honorable Court as follows:

### GENERAL AVERMENTS

1.    The Plaintiff, Mary Sanders, is a resident citizen of Colbert County, Alabama.

2.    The Defendant, Walgreens Specialty Pharmacy, LLC, dba Walgreens Family of Companies is a corporation organized under the laws of the State of Alabama, and doing business in Colbert County, Alabama.

3.    The Defendant is the owner and proprietor of a retail business called "Walgreens"

located in Muscle Shoals, Colbert County, Alabama.

    4.    The Plaintiffs are without sufficient information, knowledge or belief to aver the true and proper identities of Fictitious Defendants named in the style of this complaint (adopted herein), but will aver the same when ascertained.

    5.    All tortuous acts of the Defendants occurred or took place in Colbert County, Alabama.

COUNT I

    6.    The Plaintiff, Mary Sanders reavers, realleges and sets out all matters as contained in the General Averments as if the same were set out fully herein.

    7.    On or about the 15th day of April, 2016, the Plaintiff was a business invitee of the Defendant.

    8.    On or about the 15th day of April, 2016, and while a business invitee of the Defendant, the Plaintiff became injured as the direct result of a hidden defect in the retail store facility of the Defendant, in particular, she tripped and fell slipped.

    9.    The said defect was unknown to the Plaintiff and would not have been discovered by the exercise of ordinary care.

    10.    The Defendant was negligent in failing to safeguard the Plaintiff from said defect, and as a proximate consequence thereof, she was caused to suffer pain and suffering, a diminishment of her enjoyment of life, loss of income, and bodily injury. Plaintiff continues to suffer from same and will be caused to suffer from same in the future.

    WHEREFORE, the premises considered, the Plaintiff prays for compensatory and punitive damages in such an amount as is properly determined by the trier of fact.

COUNT II

11.     The Plaintiff, Mary Sanders, reavers, realleges and sets out all matters as contained in the General Averments and Count I as if the same were set out fully herein.

12.     On or about the 15th day of April, 2016, the Plaintiff was a business invitee of the Fictitious Defendants.

13.     On or about the 15th day of April, 2016, and while a business invitee of the Fictitious Defendants, the Plaintiff became injured as the direct result of a hidden defect in the retail store facility of the Defendant, in particular, she tripped and fell.

14.     The said defect was unknown to the Plaintiff and would not have been discovered by the exercise of ordinary care.

15.     The Fictitious Defendants were negligent in failing to safeguard the Plaintiff from said defect, and as a proximate consequence thereof, she was caused to suffer pain and suffering, a diminishment of her enjoyment of life, loss of income, and bodily injury. Plaintiff continues to suffer from same and will be caused to suffer from same in the future.

WHEREFORE, the premises considered, the Plaintiff prays for compensatory and punitive damages in such an amount as is properly determined by the trier of fact.

/s/ Thomas W. McCutcheon
Thomas W. McCutcheon (mcc064)
Attorney for Plaintiff

OF COUNSEL:
MCCUTCHEON & HAMNER, P.C.
2210 Helton Drive
Florence, Alabama 35630
Telephone:     (256) 764-0112
Facsimile:     (256) 349-2529

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY IN THE TRIAL OF THIS CAUSE**

/s/ Thomas W. McCutcheon
OF COUNSEL

**PLEASE SERVE THE DEFENDANT VIA CERTIFIED MAIL AT:**

Walgreens Specialty Pharmacy, LLC dba Walgreens Family of Companies
c/o CSC Lawyers
150 South Perry Street
Montgomery, AL  36104

ELECTRONICALLY FILED
7/27/2017 11:19 AM
20-CV-2017-900221.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

MARY SANDERS,

     PLAINTIFF,

v.                                                                    CIVIL ACTION NO:
                                                                      CV 2017 -

WALGREENS SPECIALTY PHARMACY,
LLC DBA WALGREENS FAMILY OF
COMPANIES and A, B and C, that person,
firm, corporation, Business, entity or entities,
being the owner of the premises where
Plaintiff was injured on the occasion made
the basis of this lawsuit; D, E and F, that
person, firm, corporation, or other entity or
successor in interest who or which jointly,
separately, and/or severally negligently,
wantonly, and/or wrongfully caused or
contributed to cause Plaintiff's injuries on
the occasion made the basis of this lawsuit;
G, H, and I, are Defendants whose exact identity is
otherwise unknown to the Plaintiff at this
time, but will be substituted by proper
party name when their identity as a proper
party Defendants is ascertained,

     DEFENDANTS.

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

     COMES NOW the Plaintiff, Mary Sanders, pursuant to Rule 34, A.R.Civ.P., and requests the Defendant to produce, within forty-five (45) days from the date of service, the following documents and things, for the Plaintiffs to inspect and copy:

### INSTRUCTIONS

    (a)    Continuing Interrogatories.

     You are advised that these Interrogatories are continuing Interrogatories and that should any information come to your attention after the filing of your answers to these Interrogatories, such answers should be promptly amended to reflect such additional information.

    (b)    "Contention" Interrogatories.

When "facts" to support your contentions are requested, consider this as also a request to name the source of such facts including the name and address of any witness who will testify to such facts or the identification of any documents which will serve as proof of such facts.

(c)     Information Within Knowledge of your Attorney.

Where information is requested which is not within your personal knowledge, but is within the knowledge of your attorney or agent, you should answer the interrogatory fully but may state that such answer is not within your personal knowledge. The purpose of these Interrogatories is to discover all facts, contentions, witnesses and documents known to either you or your attorney and should be answered in that spirit.

## DEFINITIONS:

The Plaintiffs set forth the following definitions for the purpose of clarifying the meaning of certain words or terms in order to help the Defendants understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

(a) The term "accident" refers to the accident on or about April 15, 2016, at "Walgreens" in Muscle Shoals, Alabama, made the basis of this lawsuit.

(b) The term "person" (whether singular or plural) means all individuals and all other entities including, but not limited to, all corporations, partnerships, joint ventures, trusts, estates, associations, companies and public agencies, bureaus, offices or departments.

(c) "You" or "your" refers to the party providing answer to interrogatories and/or responses to requests for production, and any and all person(s) acting on his/her behalf, including, but not limited to, any and all directors, officers, employees, agents, independent contractors and legal counsel.

(b) The term "premises" refers to the "Walgreens" in Muscle Shoals, Alabama, the subject to this lawsuit.

## INTERROGATORIES

1.     Please identify yourself fully, giving your full name, residence, business address and occupation, and if the defendant is a corporation, please state the office you hold with the defendant.

2.     Please state when the alleged occurrence happened, giving the date, hour and minute as nearly as possible.

3.     Please describe as accurately as possible the location of the alleged occurrence, giving in your answer the distances in feet to fixed objects or boundaries by which the location may be identified.

4.     Please list the name and address of each and every person present, including but not limited to employees, patrons or any other witnesses when the incident made the basis of this suit occurred.

5.     Please describe fully and completely how the alleged occurrence happened, stating in your answer all events relating thereto in their sequential order.

6.     Please describe in detail all acts, actions, activities or movements done or made by the plaintiff up to and including the alleged occurrence which were seen by you or by any agent or employee of the defendant.

7.     Please describe in detail all acts, actions, activities or movements done or made by the plaintiff after the alleged occurrence which were seen by you or by any agent or employee of the defendant.

8.     Please describe in detail all acts, actions, activities or movements done or made by you or by any agent or employee of the defendant from the time when the plaintiff was first seen until the plaintiff left the scene of the alleged occurrence.

9.     Please state, from any observations made by you or by any agent or employee of the defendant immediately after the alleged occurrence, whether the plaintiff appeared to have been physically injured or whether the plaintiff appeared to have been mentally or emotionally disturbed as a result of the alleged occurrence.

10.     If your answer to the preceding interrogatory is in the affirmative, please describe in complete detail the appearance of the plaintiff immediately after the alleged occurrence, particularly with regard to the following:

(a) the physical condition of the plaintiff, including in your answer any signs of bleeding, bruises, cuts or other physical injury,

(b) the emotional or mental condition of the plaintiff, including in your answer whether or not the plaintiff was crying, talking, complaining of pain or otherwise appeared mentally disturbed.

11.     Please describe in detail any and all conversations, sounds, utterances, speech or noises made by the plaintiff after the alleged occurrence which were herd by you or by any agent or employee of the defendant.

12.     At any time after the alleged occurrence did you or any agent or employee of the defendant have any conversation or communication with the plaintiff in any manner in regard to the happening of the alleged occurrence?

13.     If your answer to the preceding interrogatory is in the affirmative, please give in as much detail as possible:

(a) the words or substance of any such conversation or communication,

(b) the dates of such conversation or communication, setting forth the approximate time of day on any of the aforesaid dates,

(c) the place or places where such conversation or communication occurred,

(d) the identification, including name, address and job title of any such agent or employee,

(e) the names and addresses of each and every person who was present at the time of any such conversation or communication.

14.  Please state whether or not you or any agent or employee of the defendant rendered any help or assistance of any kind to the plaintiff immediately after the alleged occurrence.

15.  If your answer to the preceding interrogatory is in the affirmative, please give:

(a) a full and complete description of what help or assistance was rendered,

(b) the identification, including physical appearance and name and address, of each persons who rendered any such help or assistance to the plaintiff.

16.  Did you or any agent or employee of the defendant see or witness any part or all of the alleged occurrence?

17.  If your answer to the preceding interrogatory is in the affirmative, please:

(a) give the name and address of each such person who saw or witnessed any part of the alleged occurrence,

(b) describe in as much detail as possible everything that was seen or noticed by each such person,

(c) state where, in relation to the exact location of the occurrence, each such person was at the time of any such witnessing of the alleged occurrence.

18.  Please state as to each and every witness known to you or any agent or employee of the defendant to have seen, heard or known about the alleged occurrence:

(a) the name, address and physical description of each,

(b) the location where each witness was at the time he or she saw, heard or learned about the alleged occurrence,

- 4 -

(c) the substance, as best you can give it, of all information or knowledge about the alleged occurrence known to each such witness,

(d) whether or not each such witness gave any statement or account, either oral or in writing, of his or her knowledge of the alleged occurrence, and if so, give the substance of the same.

19.    Is it the contention or allegation of the defendant that the plaintiff by any act or omission caused or contributed to cause the plaintiff's alleged injuries?

20.    If your answer to the preceding interrogatory is in the affirmative, please state in detail each act or omission by the plaintiff which it is contended or alleged caused or contributed to cause the plaintiff's alleged injuries.

21.    Please state all facts on which you rely as tending to show any negligence or lack of care of any kind on the part of the plaintiff.

22.    Please state the names of any and all experts and witnesses intended to be called by the defendant in the trial of this cause and, in addition, if applicable, state the following:

(a)    The opinions of said experts;
(b)    The factual basis for said opinions;
(c)    Textbooks, authorities, documents, medical records, or the like relied upon by said experts in making their opinions.

/s/ Thomas W. McCutcheon
Thomas W. McCutcheon (mcc064)
Attorney for Plaintiff

OF COUNSEL:
MCCUTCHEON & HAMNER, P.C.
2210 Helton Drive
Florence, Alabama 35630
Telephone:    (256) 764-0112
Facsimile:    (256) 349-2529

**PLEASE SERVE WITH THE COMPLAINT**



ELECTRONICALLY FILED
7/27/2017 11:19 AM
20-CV-2017-900221.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

MARY SANDERS,

     PLAINTIFF,

v.

WALGREENS SPECIALTY PHARMACY,
LLC DBA WALGREENS FAMILY OF
COMPANIES and A, B and C, that person,
firm, corporation, Business, entity or entities,
being the owner of the premises where
Plaintiff was injured on the occasion made
the basis of this lawsuit; D, E and F, that
person, firm, corporation, or other entity or
successor in interest who or which jointly,
separately, and/or severally negligently,
wantonly, and/or wrongfully caused or
contributed to cause Plaintiff's injuries on
the occasion made the basis of this lawsuit;
G, H, and I, are Defendants whose exact identity is
otherwise unknown to the Plaintiff at this
time, but will be substituted by proper
party name when their identity as a proper
party Defendants is ascertained,

     DEFENDANTS.

CIVIL ACTION NO:
CV 2017 -

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

     COMES NOW the Plaintiff, Mary Sanders, pursuant to Rule 34, A.R.Civ.P., and requests the Defendant to produce, within forty-five (45) days from the date of service, the following documents and things, for the Plaintiffs to inspect and copy:

### DEFINITION

     The Plaintiff sets forth the following definition of "documents" which is contained in the following Request for Production of Documents for the purpose of clarifying the meaning of "documents" in order to help the Defendant understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

     (a) "Documents" – This term, when used, is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers. In addition to a copy of the original of any such requested documents, the request should be deemed to include a request for

a copy of any and all studies, reports, memos, inter-office communications or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort. The term as used herein shall also mean, without limitations, all written, recorded, or graphic matters, however produced or reproduced, including, but not limited to, original (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of meetings or conferences, minutes of director or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, result of investigations, reviews, contracts, agreements, working papers, statistical reports, ledgers, books of account, vouchers, invoices, receipts, computer data, stenographer notebooks, desk calendars, appointment books, operations statements, payroll and expense records, diaries or papers similar to any of the foregoing, however denominated.

(b) The term "accident" as used in the following Request for Production of Documents refers to the accident on or about April 15, 2016, the subject of this lawsuit.

## REQUESTS

1. Copies of any and all investigative reports, memos, other reports, statements, drawings, depictions, investigations of the accident involving the Plaintiff, or the like, in the possession of the Defendant and or any agent, servant, employee of the Defendant, concerning the fall of Mary Sanders on or about April 15, 2016, the subject of this lawsuit.

2. Copies of any and all statements, recordings, transcriptions of records, transcriptions of statements, written statements, or the like, in possession of this defendant as given by the Plaintiff to the Defendant, or any other entity, investigative group, investigative company, insurance company, or the like, concerning the accident in which the Plaintiff was involved on or about April 15, 2016.

3. Copies of any and all documents, drawings, pictures, diagrams, models, blueprints, and all other documents intended to be utilized as exhibits or for the purpose of use in cross-examination in the trial of the cause.

4. Copies of any and all policies of liability insurance in effect at the time of the incident alleged in the Complaint for this Defendant.

5. Copies of any videotapes, cassette tapes, discs, digital images, digital recording or such of whatever kind or nature of each and every location which provided surveillance monitoring on or about April 15, 2016.

6. Please produce a copy of and all items or documents, tangible items or other documents of any nature that you intend to mark as an exhibit, introduce into evidence or use in any way during the trial of this cause.

7.     Please produce a copy of any and all items or documents, tangible items or other documents of any nature that you intend to mark as an exhibit, introduce into evidence or use in any way during depositions whether witness, party or expert.

8.     Please produce any and all documents whether medical records, hospital records, accident reports or any other record or document of any nature that you contend shows, demonstrates or indicates that the Plaintiff injuries were not caused by the accident in question, including but not limited to records of a pre-existing condition, subsequent accident, prior accident or simply that the injuries in question were not caused by the accident made the basis of this suit.

9.     Please produce copies of any and all social media, including but not limited to Twitter, Facebook and/or Instagram, obtained by the Defendant or on the Defendant's behalf that portray the Plaintiff or are photographs or writings, postings or any other social media whether intended to be used at trial or not.

The above documents may be produced at a time and date mutually convenient to the parties at the offices McCutcheon & Hamner, P.C., 2210 Helton Drive, Florence, Alabama 35630, no later than forty-five (45) days from the date of service of this request.

/s/ Thomas W. McCutcheon
Thomas W. McCutcheon (mcc064)
Attorney for Plaintiff

OF COUNSEL:
MCCUTCHEON & HAMNER, P.C.
2210 Helton Drive
Florence, Alabama 35630
Telephone:     (256) 764-0112
Facsimile:     (256) 349-2529

**PLEASE SERVE WITH COMPLAINT**



NEOPOST
07/27/2017
US POSTAGE
FIRST-CLASS MAIL
$006.98⁰
ZIP 35674
041M11274180

CERTIFIED MAIL

7017 1070 0000 9369 6321

NANCY L. HEARN
CIRCUIT CLERK
COLBERT COUNTY COURT
P.O. BOX 740370
TUSCUMBIA, ALABAMA 35



**AlaFile E-Notice**

20-CV-2017-900221.00

To: WALGREENS SPECIALTY PHARMACY LLC DBA WALGREENS
FAMILY OF CO C/P CSC LAWY
150 SOUTH PERRY STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

MARY SANDERS V. WALGREENS SPECIALTY PHARMACY LLC DBA WALGREENS
20-CV-2017-900221.00

The following complaint was FILED on 7/27/2017 11:20:10 AM

Notice Date:     7/27/2017 11:20:10 AM

NANCY L. HEARN
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8513

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>20-CV-2017-900221.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**
**MARY SANDERS V. WALGREENS SPECIALTY PHARMACY LLC DBA WALGREENS**

NOTICE TO: WALGREENS SPECIALTY PHARMACY LLC DBA WALGREENS, FAMILY OF CO C/P CSC LAWY 150 SOUTH PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
THOMAS W MCCUTCHEON

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2210 Helton Dr., FLORENCE, AL 35630

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARY SANDERS
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 7/27/2017 11:20:10 AM | /s/ NANCY L. HEARN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ THOMAS W MCCUTCHEON

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*        *(Name of County)*

Alabama on _____.
*(Date)*

_____        _____
*(Type of Process Server)*        *(Address of Server)*

_____        _____
*(Server's Signature)*

_____        _____
*(Server's Printed Name)*        *(Phone Number of Server)*

DOCUMENT 16

ELECTRONICALLY FILED
8/10/2017 1:28 PM
20-CV-2017-900221.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CV2017-900221 |
| | ) | |
| WALGREEN CO. | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER

Comes now the Defendant Walgreen Co. a corporation incorrectly designated in the Complaint as Walgreens Specialty Pharmacy, LLC and by way of answer to Plaintiff's Complaint says as follows:

1.    Admitted

2.    Denied.

3.    Denied.  Walgreen Co. is the correctly named party.

4.    No response is necessary.

5.    Denied.

6.    No response is necessary.

7.    Defendant does not have sufficient information to admit or deny this.

8.    Defendant does not have sufficient information to admit or deny this.

9.    Defendant denies the existence of any defect.

10.    Denied.

11.    No response is necessary.

12.    Defendant does not have sufficient information to admit or deny this.

13.    Defendant does not have sufficient information to admit or deny this.

14.     Defendant denies the existences of any defect.

15.     No response is necessary.

## AFFIRMATIVE
## DEFENSES

### FIRST DEFENSE

Defendant denies it was guilty of any of negligence that caused or contributed to cause the Plaintiff's accident.

### SECOND DEFENSE

Defendant denies it was guilty of any wanton misconduct that caused or contributed to cause Plaintiff's accident.

### THIRD DEFENSE

The condition complained of by the Plaintiff was one that was or should have been open and obvious to anyone in the exercise of ordinary care.

### FOURTH DEFENSE

Defendant denies that it had any duty to warn of any condition which was or should have been open and obvious.

### FIFTH DEFENSE

Plaintiff was guilty of contributory negligence which proximately contributed to cause her own injury.

### SIXTH DEFENSE

Plaintiff assumed the risk of injury by her conduct on the date and place in question.

### SEVENTH DEFENSE

Plaintiff's medical expenses have been paid for through a collateral source in an amount less than the amount as billed.

## EIGHTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

## NINTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

## TENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## ELEVENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWELFTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, the Defendants are entitled to the same procedural safeguards accorded to criminal Defendants.

### THIRTEENTH DEFENSE

Defendants aver that they are violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### FOURTEENTH DEFENSE

Defendants aver that they are violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### FIFTEEN DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### SIXTEENTH DEFENSE

Defendant reserves the right to add any later defenses that discovery might reveal to be available.


Date:   August 10, 2017

s/Jay Clark
John W. Clark, Jr.

Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama  35242
205-397-2900
205-397-2901 – Fax
Email:  jclark@chslaw.com

*Attorney for Defendant Walgreen Co.*

### CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non e-filing participants to whom the foregoing is due will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day.

Thomas W. McCutcheon
McCutcheon & Hamner, P.C.
2210 Helton Drive
Florence, Alabama  35630
256-764-0112
256-349-2529 – Fax
Email:

s/Jay Clark
Of Counsel

DOCUMENT 11

ELECTRONICALLY FILED
8/10/2017 1:31 PM
20-CV-2017-900221.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CV2017-900221 |
| | ) | |
| WALGREEN CO. | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

Take notice that the Defendant, Walgreen Co., has this date, served on counsel for all

parties the following:

      1.      Defendant Walgreen Co.'s Request for Admissions to Plaintiff.

Date: August 10, 2017

s/Jay Clark
John W. Clark, Jr.

Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: jclark@chslaw.com

*Attorney for Defendant Walgreen Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non e-filing participants to whom the foregoing is due will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day.

Thomas W. McCutcheon
McCutcheon & Hamner, P.C.
2210 Helton Drive
Florence, Alabama  35630
256-764-0112
256-349-2529 – Fax
Email:

s/Jay Clark
Of Counsel

DOCUMENT 12

ELECTRONICALLY FILED
8/10/2017 1:31 PM
20-CV-2017-900221.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
NANCY L. HEARN, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

MARY SANDERS,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )      Case No.: CV2017-900221
                                 )
WALGREEN CO.                     )
                                 )
        Defendant.               )

### DEFENDANT'S FIRST REQUEST FOR
### ADMISSIONS TO PLAINTIFF

Comes now the Defendant Walgreen Co. a corporation incorrectly designated in the Complaint as Walgreens Specialty Pharmacy, LLC and request the Plaintiff admit the following:

1.    You are claiming to have sustained damages in an amount in excess of $75,000.

2.    You are not claiming damages in the amount of $75,000.

3.    At trial of this case you will not ask the jury hearing this case to award you a sum in excess of $75,000.

4.    You will not accept a sum in excess of $75,000 even if awarded by a jury.

5.    The damages of which you complain do not justify a verdict in excess of $75,000.

6.    All medical expenses you have incurred have been paid for through a collateral source.

7.    You have no medical expenses that have not previously been either written off by the provider of medical services or paid for through a collateral source.

Date:  August 10, 2017

s/Jay Clark
John W. Clark, Jr.

Clark, Hair & Smith, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama  35242
205-397-2900
205-397-2901 – Fax
Email:  jclark@chslaw.com

*Attorney for Defendant Walgreen Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the Alabama e-filing system which will send notification of such filing; and I hereby certify that any non e-filing participants to whom the foregoing is due will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day.

Thomas W. McCutcheon
McCutcheon & Hamner, P.C.
2210 Helton Drive
Florence, Alabama  35630
256-764-0112
256-349-2529 – Fax
Email:

s/Jay Clark
Of Counsel